WILLIAM McDowell

*v.*

· Julia Ann McDowell.

*Filed at Mt. Vernon June 13, 1885.*

1. CHANCERY—*granting complete relief, although in respect to some of the elements in the case there was a defence at law.* While, as a general rule, where a party has an adequate remedy at law, a court of equity will not intervene, yet where equity has acquired jurisdiction of a case, such as a bill for partition of land, and to have a written contract respecting other lands specifically enforced, the court, on decreeing the equitable relief sought in that regard, may also enjoin the enforcement of a judgment against the complainant in a forcible detainer suit for possession of the land, although he might have defended that suit successfully at law.

2. EVIDENCE—*relevancy—in case of agreement for division of property between husband and wife—subsequent claim of alimony by the latter.* Where persons living together as husband and wife, separated, and agreed, in writing, for the division of their property, real and personal, in which contract the wife, upon receiving her portion, was to release the husband from all further claims for dower, it was *held*, on bill by the wife for the specific performance of the agreement and for partition, that proof offered by the defendant to show that the wife defended a suit brought by him for divorce, and claimed alimony, was properly rejected as irrelevant.

3. PARTITION — *by agreement—inequality of the division—estoppel.* Husband and wife agreed to divide a lot of ground so that the wife should receive one-third in value of the whole lot, and they each selected a third person, who made the division, which was satisfactory to them. In suit for partition the court confirmed this division, without regard to the exact value of the part set off to the wife: *Held*, that the husband, having acquiesced in the division as made, could not be heard to allege that the wife received more in value than one-third of the whole lot.

4. ERROR *will not always reverse—as to admission of evidence.* The admission of parol evidence which may vary or change the terms of a written contract, when the party introducing the same obtains no relief whatever on the contract, is an error working no harm, and no ground of reversal.

WRIT OF ERROR to the Circuit Court of Union county; the Hon. D. M. BROWNING, Judge, presiding.

This was a bill in chancery, by Julia Ann McDowell, against William McDowell and James W. Coleman, seeking to enjoin

the execution of a judgment in a forcible detainer case obtained by Coleman against complainant. The bill also prays for the partition of certain premises therein described, and for the conveyance by the plaintiff in error to defendant in error of a strip of land described in a certain bond for a deed, which bond is made an exhibit, and asked to be taken as a part of the bill.

The bill was filed June 16, 1882, two days after the rendition of the judgment in the forcible detainer case by the justice, and three days before the expiration of the time in which an appeal could have been legally taken. It sets out an illegal contract of marriage between the plaintiff and defendant, a subsequent discovery of the real facts which existed at the time of the consummation of such illegal contract, by the marriage of the plaintiff and defendant, their living and cohabiting together as husband and wife for some years after the discovery of such real facts, and their final separation, and division of their property and effects according to the terms of a certain written agreement mutually signed by them, which said written agreement is filed with the bill, and marked "Exhibit A," and asked to be made a part of complainant's bill; that by the terms of said contract the defendant in error was to have and retain as of dower one-third in value of a certain three-acre tract, etc., on which they then resided; that when the parties thus separated the plaintiff in error left the defendant in error in the possession of the house formerly occupied by them as a homestead, etc. It is further alleged that after the separation and division as aforesaid, the defendant in error purchased a strip of land ten (ninety-five) feet wide, etc., from plaintiff in error, which purchase is witnessed by a contract in writing marked "Exhibit B," filed with the bill and asked to be made a part of the same, and that the defendant in error has wholly failed to comply with the terms of said contract of 'purchase, but desires to do so now by bringing the money into court as the

court may decree, and prays that upon such compliance the plaintiff in error may be compelled to make, execute and deliver to her a deed, etc., to the said ten feet, etc.; also prays for partition and division. The bill then sets out the fact of the rendition of the justice's judgment in the action of forcible detainer, avers inability to take an appeal on account of poverty, and prays for an injunction, etc.

The plaintiff in error answered separately, alleging that at the time of his marriage with defendant in error she had a living husband; that she falsely and knowingly misrepresented the facts to him, by alleging that she had been legally divorced from Charles Daniels, her then living husband; denies that she ever said that said Daniels was dead, but claimed that she was divorced; that upon these false and fraudulent representations he married her, but denies that he had any knowledge of the fact that she was the lawful wife of another man; admits that he abandoned the said Julia Ann, but denies that it was by their mutual labor, etc., that his small property was accumulated, but charges the fact to be that the said Julia Ann was an invalid, etc., and her services of small value; that she had two small girl children, aged three and six years, respectively, at the time of his marriage with her, both of whom he reared and educated. Plaintiff in error further says that the division of property, etc., mentioned in exhibits "A" and "B" was agreed to by this defendant to avoid litigation, etc., and that in consideration thereof the complainant agreed to pay, etc., according to the terms as set out in "Exhibit B," and further, that she would cause him no unnecessary trouble or expense in a suit to dissolve the illegal marriage existing between them; that the complainant failed and refused to comply with the terms of said contract; that she notified this respondent that she would not pay anything on said contract, but that she would defend the divorce suit brought by him, claiming alimony, etc., and that she did defend said divorce proceeding; that she filed

her answer and cross-bill, claimed alimony, etc., compelled respondent to pay her attorney's fee of $25, etc., and that on a final hearing of said cause the equities were decided in favor of respondent, and the complainant therein was denied alimony.

The court found and decreed that complainant was owner in fee of eighty-five feet, etc., describing the same, and made the injunction perpetual as to it; found that complainant had not complied with the contract of purchase of September 20, 1879.

Mr. MATTHEW J. INSCORE, for the plaintiff in error:

If the complainant has any rights under either of the contracts set up, they are purely legal in their nature, and can be readily enforced in a court of law.   Where a party has an adequate remedy at law, a court of equity will not interfere. *Smith* v. *Powell*, 50 Ill. 21; *Thomas* v. *Caldwell*, id. 139; *School Directors* v. *Miller*, 54 id. 338; *Winkler* v. *Winkler*, 40 id. 179; *Ohling* v. *Luitjens*, 32 id. 23; *Victor Scale Co.* v. *Shurtleff*, 81 id. 314; *Imperial Ins. Co.* v. *Gunning*, id. 236.

He who asks equity must do equity, and a party can not have a specific performance of a contract in equity, unless he can show that he has performed it in all its parts, or can show just excuse for non-performance; and the burden of proof is on the complainant to show his right to the relief he asks, by a clear preponderance of the evidence.   *Brink* v. *Steadman*, 70 Ill. 241; *Walker* v. *Douglas*, id. 446; *Kimball* v. *Tooke*, id. 553.

Mr. M. C. CRAWFORD, and Mr. N. MAXEY, for the defendant in error:

This was a bill in chancery, filed by the defendant in error, against the plaintiff in error, for specific performance and partition, both of which are proper subjects of equitable jurisdiction.

The court denied the prayer for specific performance, but granted the partition, and the interest of defendant in error was set off to her by metes and bounds in severalty, and the decree conveys to her all the right, title and interests which the plaintiff in error had in and to the same. It is not necessary to cite authorities to prove that a court of chancery has this power.

Mr. Justice Craig delivered the opinion of the Court:

This was a bill in equity, brought by Julia Ann McDowell, for partition of a certain tract of land between herself and William McDowell, and also for specific performance of a contract providing for the conveyance of a certain other tract, which had been executed by the complainant, and defendant, William McDowell. The bill also prayed for an injunction to enjoin McDowell from taking possession of the premises claimed by complainant, under a writ issued or to be issued by a justice of the peace on a judgment in an action of forcible detainer which McDowell had prosecuted against complainant. The defendant, McDowell, put in an answer to the bill, and on the hearing, upon the pleadings and evidence, the court awarded a partition of the premises sought to be divided, and refused a specific performance of the contract set up in the bill. The defendant, McDowell, not being satisfied with the decree, sued out this writ of error.

It is claimed that if the complainant has any rights under the contract set up in the bill, they are purely legal, and may be enforced in a court of law. It may be true that complainant might have been able to defeat the action brought for possession of the premises, by relying on her contract on a trial in a court of law; but if she was entitled to the land under the written contract, she had a clear right to invoke the aid of a court of equity, and compel a division, or a deed for that portion of the property which she acquired under the

written contract. The complainant, under the allegations of her bill, sought a partition of premises which were held undivided between her and the defendant. She also prayed for the specific performance of a contract in writing, providing for the conveyance of the land. The rule that a court of equity has jurisdiction to grant relief in such cases, is too familiar to cite authorities in its support. It is quite true, as suggested, that where a party has an adequate remedy at law, a court of equity will not interfere; but that doctrine has no application to the facts of this case. Here the complainant and defendant, who had lived together as husband and wife for a number of years, agreed to separate, and entered into a written contract providing for a division of the three acres of land in controversy, and certain specified articles of personal property. One-third in value of the land, including the house, was to be set off to complainant. After this contract had been executed, the parties agreed upon two men to go upon and divide the land. In pursuance of this arrangement two men were selected, and they examined the property, agreed upon a division, and the defendant, as the evidence shows, was entirely satisfied with and assented to the division so made, and complainant was left in the possession of the land which it had thus been determined she should have.

These were some of the facts before the court which led to the decree enjoining the defendant from dispossessing complainant and vesting the title to the property in her, and the decree, in our judgment, was justified by the evidence. As no relief was granted in reference to the other tract of land, · and no cross-errors have been assigned, it will not be necessary to spend any time in relation to that part of the relief claimed in the bill, although the matter is discussed in the argument of plaintiff in error.

It is also claimed that the court erred in admitting the evidence of the witnesses Buck and Williams, to vary the terms of the written contract (Exhibit "B.") No relief was granted

under this contract, and whether the evidence was competent or not is a matter of no consequence whatever.

It is also claimed that the court erred in rejecting evidence offered by the defendant to show complainant defended the bill for divorce brought by the defendant against her, and claimed alimony, and other evidence of a like character. We do not think this evidence had any bearing on the issue presented by this record, and for this reason, if for no other, the court did right in rejecting it. The contract under which complainant claims the land, provides that after receiving the property she shall release the defendant from all further claims for dower, but this is all. So far as any agreement was concerned she had a right to resist his suit for divorce, if she saw proper, and anything she did in that direction did not impair her rights under the written contract.

But it is said if the defendant was entitled to a decree in this cause for one-third in value of the whole lot, as prayed for in her bill, it was error in the court to decree her the fee simple title to the strip eighty-five feet wide on which the dwelling house stood, without ascertaining, by competent evidence, the value of the whole lot, and the relative value of the eighty-five foot strip. It appears from the evidence that the defendant was present when Buck and Williams divided the land between the parties, and expressed himself entirely satisfied with the division as made. The court, by the decree, followed and confirmed this division, which it was authorized to do by the evidence. In the division of the three-acre lot, if defendant saw proper to allow the complainant to have more in value than one-third of the lot, he could do so, and after the division was made with his sanction and approval, he will be bound by it, although she may have received a trifle more in value of the property than the contract specified she might receive.

It will be remembered that the complainant and the defendant were never legally married, as complainant, at the

date of the marriage, had a husband then living, so that no objection can be urged against the validity of the contract providing for a division of the property, on the ground that the contracting parties were husband and wife.

The decree of the circuit court will be affirmed.

*Decree affirmed.*